IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD L. HOLLOWAY<br>14917 MEANDERWOOD LANE<br>BURTONSVILLE, MARYLAND 20866<br><br>    **Plaintiff**<br>v.<br><br><br><br>UNITED PARCEL SERVICE, INC.<br>14841 SWEITZER LANE<br>LAUREL, MARYLAND 20707<br><br>SERVE ON:<br>CSC-LAWYERS INCORPORATING<br>SERVICE COMPANY<br>7 ST. PAUL STREET, SUITE 820<br>BALTIMORE, MARYLAND 21202<br><br>    **Defendant** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Complaint for Civil Case**<br><br>Case No.: **PJM 22CV1983**<br><br>**Jury Trial:** ✓ Yes     No |

## **PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff Richard L. Holloway hereby sues United Parcel Service, Inc. (hereinafter referred to as "UPS"). In support of his Complaint, Plaintiff states as follows:

### *JURISDICTION AND VENUE*

1.    That Plaintiff, Richard L. Holloway, is an adult citizen of the United States and a resident of Montgomery County, Maryland.

2.    That Defendant, UPS, is a business, registered to do business in the State of Maryland and was so conducting business on the date of the incidents giving rise to this Complaint.

3.    Upon information and belief, Defendant, UPS, at all times relevant to the facts set forth in this Complaint, was and currently is corporation organized under the laws of Delaware,

1

providing residential and commercial delivery services, and authorized to do business in the State of Maryland.

4. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* (hereinafter referred to as "Title VII").

5. This Court has jurisdiction pursuant to Md. Code Ann., State Government Article, §20-606 (2012).

6. This Court has supplemental jurisdiction over the Plaintiff's state claim of wrongful discharge pursuant to 28 U.S.C. § 1367.

7. That all the actions complained of herein took place in Laurel, Maryland.

8. That at all times relevant hereto, Defendant UPS was a Maryland business entity employing fifteen (15) or more persons and the Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* The Defendant was physically located and did business in Laurel, Maryland.

9. In accordance with Title VII and State laws, Plaintiff timely filed a Charge of Discrimination and Retaliation with the Equal Employment Opportunity Commission. On May 20, 2022, a Notice of Right to Sue was received by the Plaintiff from the Equal Employment Opportunity Commission. Therefore, Plaintiff has properly exhausted his administrative remedies before filing suit.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff's gender is male.

11. Plaintiff was hired by UPS in April 1999 as a Preload Part-Time Supervisor with an annual salary, base salary and overtime of $55,000.00. At the time of issues giving rise to this

Complaint, Plaintiff was employed by UPS as a On-Road Supervisor an annual salary, base salary and stock, and overtime of $132,000.00.

12. In September 7, 2017, Plaintiff made a complaint against Janice Maddox for harassment. For the next three years, the Company retaliated against Plaintiff by fabricating allegations of inappropriate conduct, changing his work assignments, coercing him to take a demotion, and removing him from his work operation as a manager. Plaintiff informed the corporate Human Resources Office of these issues. Rather than address the issues, the issues were communicated to several other members of management. Thus, even when Plaintiff relocated to another building location, the retaliation continued.

13. Plaintiff's employment was terminated on August 3, 2022 by Tracy Parks of UPS on the false grounds that Plaintiff had had been dishonest and lacked accuracy in reporting hours worked by drivers. Furthermore, this decision to terminate Plaintiff's employment was inconsistent with the employer's written disciplinary policies and procedures.

14. At all times herein, Plaintiff was meeting his employer's legitimate job expectations.

## COUNT I

### *RACIAL DISCRIMINATION*

### Title VII of the Civil Rights Act of 1964

### <u>42 U.S.C. § 2000e *et seq.*</u>

15. Plaintiff hereby restates and incorporates paragraphs 1-14 of this Complaint as though fully set forth herein.

16. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his race (African American).

17. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

18. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race (African American).

19. That the unlawful employment practices complained of above were intentional.

20. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

21. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below

### COUNT IV

### HOSTILE WORK ENVIRONMENT

*(Race)*

**Title VII of the Civil Rights Act of 1964 (TITLE VII)**

**42 U.S.C. § 2000e *et seq.***

22. Plaintiff hereby restates and incorporates paragraphs 1-21 of this Complaint as though fully set forth herein.

23. That Defendant's supervisors and management carried out the aforementioned acts of discrimination and retaliation against Plaintiff on the basis of his race (African American).

24. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

25. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race (African American).

26. That the unlawful employment practices complained of above were intentional, unwelcome, and personally hostile and offensive to Plaintiff.

27. That the aforementioned conduct of Defendant's managerial and supervisory employees was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment and to create an intimidating, hostile, and offensive working environment for Plaintiff.

28. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

29. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

30. That Defendant knew or should have known of the aforementioned conduct of Defendant's managerial and supervisory employees against Plaintiff and failed to take prompt corrective action.

31. That Defendant is vicariously liable for the conduct of its managerial and supervisory employees carried out in the course and scope of their employment All of the acts set forth above by the managerial and supervisory employees were carried out in the course and scope of their employment.

## COUNT III

## RETALIATION

*(Adverse Actions, Protected Activity Deterrents and Termination)*

**Title VII of the Civil Rights Act of 1964 (TITLE VII)**

<u>**42 U.S.C. § 2000e *et seq.***</u>

32. Plaintiff hereby restates and incorporates paragraphs 1-31 of this Complaint as though fully set forth herein.

33. Plaintiff complained to the Human Resources department about harassment by, which actions constituted legally protected activities under Title VII.

34. The aforementioned legally protected activities were known by management to have occurred. His protected activities were well communicated amongst Human Resources, his supervisor, and upper management.

35. The subsequent hostile work environment and termination of employment as set forth in the above-referenced facts common to all counts and amounted to illegal retaliation.

36. That the aforementioned acts of retaliation for complaining of discrimination constitute unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964, <u>42 U.S.C. § 2000e et seq</u>.

37. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee based upon his race and protected EEO activities.

38. That the effect of the practices complained above were intentional.

39. That the retaliatory employment practices: a) verbal and written counselings; b) harassing, condescending and aggressive actions by management to Plaintiff; and c) terminating

Plaintiff on August 3, 2022, as set forth above have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

40. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

41. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT V

### RACIAL DISCRIMINATION

*(Disparate Treatment)*

**MARYLAND CODE ANN., STATE GOVERNMENT ARTICLE, 20-606**

42. Plaintiff hereby restates and incorporates paragraphs 1-41 of this Complaint as though fully set forth herein.

43. Plaintiff is a member of a protected class, African American, at the time the subject discriminatory acts took place.

44. Plaintiff was qualified and satisfactorily performing his duties as a Delivery Supervisor.

45. Plaintiff was discriminated against in employment based on his race, when he was treated less favorably that similarly situated Caucasian employees who were not subjected to the aforementioned acts of discrimination, including without limitation, a) verbal and written counselings of; b) subjecting Plaintiff to a hostile work environment by his supervisors; and c)

terminating Plaintiff on August 3, 2022. The true motivation for terminating Plaintiff's employment was because of his race.

46. Plaintiff was terminated, whereas the similarly situated Caucasian employees were not.

47. That the intentional discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

48. As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VIII

## HOSTILE WORK ENVIRONMENT

*(Race)*

**MARYLAND CODE ANN., <u>STATE GOVERNMENT ARTICLE, 20-606</u>**

49. Plaintiff hereby restates and incorporates paragraphs 1-48 of this Complaint as though fully set forth herein.

50. That Defendant carried out the aforementioned acts of discrimination and retaliation against Plaintiff on the basis of his race (African American) and prior ADA activity.

51. That the aforementioned acts constitute unlawful practices pursuant to Md. Code Ann. State Government Article, §20-606 (2012).

52. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race (African American) and prior EEO activity.

53.    That the unlawful employment practices complained of above were intentional, unwelcome, and personally hostile and offensive to Plaintiff.

54.    That the aforementioned conduct of Defendant and its supervisory employees was sufficiently severe and pervasive so as to alter the terms and conditions of Plaintiff's employment and to create an intimidating, hostile, and offensive working environment for Plaintiff.

55.    That the discriminatory and retaliatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

56.    That the discriminatory and retaliatory actions of Defendant and its supervisory employees against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

57.    That Defendant knew or should have known of the aforementioned conduct of its managerial and supervisory employees against Plaintiff and failed to take prompt corrective action.

58.    That Defendant is vicariously liable for the conduct of its managerial and supervisory employees carried out in the course and scope of their employment.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT XI

## *RETALIATION*

*(Adverse Actions, Protected Activity Deterrents and Termination)*

**MARYLAND CODE ANN., STATE GOVERNMENT ARTICLE, 20-606(f)**

59.  Plaintiff hereby restates and incorporates paragraphs 1-58 of this Complaint as though fully set forth herein.

60.  Plaintiff further engaged in protected activity when he advised the Company that he was being harassed by a Division Manager and requested assistance to resolve the harassment.

61.  Defendant knew or should have known about the reasonableness of the request given Plaintiff's seniority with the Company and the absence of complaints being made against any other managers during his eighteen (18) year tenure with the Company, but ignored it nonetheless.

62.  After reporting the harassment and after such reporting became known by Plaintiff's supervisor and upper management, Plaintiff was subjected to a hostile work environment and subsequently received unjustified oral and written reprimands, and was terminated from employment with the Defendant as defined by Md. Code Ann, State Government Article, §20-606(f).

63.  That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

64.  As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below

**PRAYER FOR DAMAGES**

WHEREFORE, for the foregoing reasons, Richard L. Holloway, Plaintiff, demands judgment against Defendant, United Parcel Service, Inc., jointly and severally, in the amount of

a) $250,000.00 as compensatory damages;

b) $300,000.00 for his emotional distress and mental anguish;

c) $500,000.00 in punitive damages;

d) Clean Personnel Record;

e) Plus prejudgment and post judgment interest;

f) Award attorney's fees and costs, including expert witness fees, as allowed by law;

g) Enjoin Defendant from refusing to immediately reinstate Plaintiff to the rights and benefits of his position an On-Road Supervisor with the corresponding compensation, benefits, bonuses and company seniority as if Plaintiff has continuously held such a position since his date of original hire in April 1999;

h) Award past and future economic damages for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, back pay and lost benefits, COBRA payments incurred by Plaintiff, front pay, and special damages comprised in part of, but not limited to, past and future costs of borrowing funds to meet financial obligations, and past and future out-of-pocket pecuniary losses; and

i) Award past and future non-economic damages for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, lost earnings capacity, mental suffering, emotional distress, loss of enjoyment of life, humiliation, loss of reputation, and inconvenience,

j) And for such other and further relief as this Honorable Court deems just and equitable.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

_Richard L. Holloway_, Plaintiff

Date of signing: 8/9, 2022.